HOLMES, Judge.
This is a child custody case.
After an ore terms hearing, the trial court awarded temporary custody of Trisha Eileen Varnadore, a four-day-old child, to the Department of Pensions and Security (DPS). The mother, Michelle Varnadore, appeals. We affirm.
The dispositive issue on appeal is whether the trial court’s decision to place temporary custody of the child with DPS was supported by clear and convincing evidence.
The record, in pertinent part, reveals that in December 1984, DPS was involved in an investigation concerning a charge of child abuse arising from the death of Christopher Miller, a four-month-old child. The investigation resulted in the child’s mother, Michelle Varnadore (Miller), being certified for trial as an adult on charges of child abuse. The charges are still pending against the mother.
DPS was aware of the nature of the pending charge when the mother gave birth to Trisha. DPS obtained a pickup order dated April 1, 1986, for Trisha, who was bom March 30, 1986. The basis for seeking this order was that the mother would be the caretaker for the child, even though child abuse charges were still pending.
As indicated above, the child was placed in the custody of DPS as a result of the pickup order dated April 1, 1986. A hearing concerning the custody of the child was held within the required seventy-two hours. Ala.Code (1975), § 12-15-59(a)(3), provides that a child taken into custody shall not be released from that custody if the release “would present a serious threat of substan *1142 tial harm to such child.” The trial court, as a result of the evidence presented at the aforesaid hearing, as noted, granted temporary custody of the child to DPS.
The primary concern in child custody cases is the best interest of the child. Vinson v. AGAPE of Central Alabama, Inc., 416 So.2d 1075 (Ala.Civ.App.1982).
The mother contends that there was no clear and convincing evidence presented at the hearing to indicate that it would not be in the child’s best interest to remain with her natural mother. She contends that the only evidence presented by DPS was concerned with the prior child abuse case and there was no showing of real or threatened harm to Trisha.
Suffice it to say that there was evidence that Christopher died under traumatic and unexplained circumstances while in the custody of his mother. The mother, who is seventeen years old, is divorced and is not employed. Additionally, there was evidence which indicated that she had not undergone any mental health counseling since Christopher’s death. Therefore, the trial court could have concluded that there existed, in view of what happened to Christopher, a threat of harm to Trisha and that it would be in her best interest to be removed, at least temporarily, from that environment. See Ala.Code (1975), § 12-15-59(a)(3).
The mother also contends that the maternal grandparents, Linda and Jerry Varnadore, were an appropriate resource for custody of Trisha. Linda Varnadore testified that she had kept Christopher three or four days before his death and that she changed his diaper and fed him, but noticed no injuries. There was evidence presented that Christopher’s injuries (bruises on his chest, back, arms, and legs, as well as adult bite marks on his extremities) had been inflicted over a period of several weeks and days prior to his death. Therefore, the trial court could have concluded that the maternal grandmother knew or should have known of the abuse to Christopher and that she failed to take any action to report the abuse or protect the child.
Linda Varnadore also testified that she and her husband were willing to accept custody of the child and raise her as their own. But she stated that the child’s mother, who presently resides with her parents, would be allowed to continue her residence even if they were given custody of Trisha. In this case, placing the child with the maternal grandparents would, in effect, be the same as leaving the child with her mother. In the Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
Considering the above, we find that the trial court’s action in providing a temporary, safe haven for the child is warranted. This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.