This is a termination of parental rights case.
In April 1986 the Juvenile Court of Baldwin County placed Trisha Eileen Varnadore, a four-day-old infant, in temporary custody with the Department of Pensions and Security (DPS). That decision was appealed and affirmed by this court inVarnadore v. Department of Pensions Security, 495 So.2d 1141
(Ala.Civ.App. 1986).
In September 1987 DPS filed a petition requesting the termination of all parental rights of Michelle Varnadore (the mother) to Trisha. Termination proceedings were delayed pending the result of the mother's criminal prosecution relating to the 1984 death of her three-month-old son. In February 1988 the mother was found guilty of child abuse and was sentenced to eight years' imprisonment. Her conviction is presently on appeal in the Court of Criminal Appeals. The father's parental rights were terminated in June 1988. In September 1988, following an ore tenus proceeding, the trial court ordered the termination of all the mother's parental rights to Trisha. She appeals from that order.
The mother argues that there was a lack of clear and convincing evidence to support the trial court's decision in terminating her parental rights. She contends that, due to the pending appeal of her criminal conviction, "her situation is in such a state of uncertainty that the decision to terminate her parental rights at this time is ill-advised" and "is at least premature, if not clearly erroneous." She further asserts that the trial court erred in failing to exhaust all viable alternatives to termination of her rights in that the maternal grandmother, Linda Varnadore, was a viable alternative for custody. *Page 1196 
In order to terminate parental rights, the court must make several findings. First, the court must determine that the child is dependent based on clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the mother's custodial rights.Wallace v. Jefferson County Department of Pensions Security,501 So.2d 473 (Ala.Civ.App. 1986). The trial court is presented the evidence ore tenus; therefore, its decision is presumed to be correct and will be set aside only if the record reveals the decision to be plainly and palpably wrong. Wix v.Department of Pensions Security, 464 So.2d 118
(Ala.Civ.App. 1985).
It is well settled that a natural parent has the prima facie
right to custody. That right, however, can be overcome by clear and convincing evidence that the removal from the parent's custody is in the child's best interest. Haag v. CherokeeCounty Department of Pensions Security, 489 So.2d 586
(Ala.Civ.App. 1986). In determining the child's best interest, the court must consider whether a party to a custody proceeding is physically, financially, and mentally able to care for the child. Perry v. Department of Human Resources, 516 So.2d 659
(Ala.Civ.App. 1987). The court may determine a child to be dependent based on the totality of the circumstances. Carter v.Jefferson County Department of Pensions Security,496 So.2d 66 (Ala.Civ.App. 1986).
The mother's first contention, that the termination is premature, is based on the supposition that her criminal conviction will be overturned. She insists that if that occurs, then satisfactory counseling arrangements could be made to assist her in her parenting skills. We find this argument to be based on mere speculation, to be perfunctory at best and unpersuasive.
The trial court found Trisha to be dependent based on its observation that the mother was "not in a position to properly care for or rear" Trisha. The court further found that the commitment of permanent custody to the State was in the child's best interest.
At the time of the hearing the court was cognizant of the fact that the mother had been convicted of child abuse and sentenced to eight years imprisonment. By stipulation, the parties entered into evidence testimony from the criminal proceeding. That evidence proved that the mother's three-and-one-half-month-old son died from Battered Child Syndrome. The diagnosis was based on fifteen human bite marks found on the child's body and seventeen old rib fractures. There was testimony that the mother admitted biting the child and did so because he would not stop crying.
The only evidence available concerning the mother's mental condition was a psychological evaluation procured pursuant to the criminal proceeding. In that evaluation it was determined that the mother was incapable of parenting due to her inability to react normally to stress. The mother has refused to seek any form of counseling since the 1984 death of her child because of the detrimental effect it might have had on her criminal proceedings. The mother refused counseling even after the trial court told her it would be in her best interest.
Trisha is at present three years old and has been in foster care since birth. The record reveals that she is well adjusted and because of her age is an excellent candidate for adoption proceedings. The mother's "uncertainty" about her future tends to support the court's decision that her instability makes her unable to adequately care for Trisha. We find the court's determination of dependency to be based on clear and convincing evidence and to be in the child's best interest.
The mother next contends that the court failed to exhaust all viable alternatives to termination of her rights. She asserts that the maternal grandmother, Linda Varnadore, was a viable alternative. This argument is unpersuasive.
In the appeal of the 1986 temporary custody decision, the mother argued that the maternal grandparents were an appropriate resource for custody of Trisha. Varnadore, supra.
We found otherwise *Page 1197 
based on the fact that the maternal grandmother had kept her grandson three or four days prior to his death. During that time she changed his diapers and fed him. The evidence showed that the child's injuries had been inflicted over a period of several weeks and days prior to his death. In denying the maternal grandparents custody, we found that "the maternal grandmother knew or should have known of the abuse to Christopher and that she failed to take any action to report the abuse or protect the child." The court was warranted in considering the past history of this case. Haag v. CherokeeCounty Department of Pensions Security, 489 So.2d 586
(Ala.Civ.App. 1986). The court could correctly conclude that placing Trisha with her grandmother, who had taken no action to protect another grandchild, was not a viable alternative.
The child's retention in the same environment is also a factor for the trial court's consideration in determining if there is a viable alternative to termination. Matter of Moore,470 So.2d 1269 (Ala.Civ.App. 1985). In the 1986 appeal we noted that the mother was living with the maternal grandparents. We found at that time that "placing the child with the maternal grandparents would, in effect, be the same as leaving the child with her mother." Varnadore, supra. The circumstances have not changed. The mother still resides with the maternal grandmother. This factor, coupled with the grandmother's prior neglect of another grandchild, supports the trial court's determination that the maternal grandmother was not a viable alternative to termination.
In addition, the record is clear that DHR made persistent attempts to locate a relative resource other than the maternal grandmother, but was unsuccessful in its pursuit.
There is clear and convincing evidence to support the trial court's decision to terminate the mother's parental rights and its conclusion that no less drastic alternative was available. Accordingly, the decision of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.