This is a termination of parental rights case.
Following ore tenus proceedings, the trial court ordered the permanent termination of all parental rights of Linda Travis, the mother, and John McCorvey, Jr., the putative father, in their child of approximately two and one-half years of age. Permanent legal custody of the child was vested in the Alabama Department of Human Resources (DHR).
Only the mother appeals. We affirm.
The dispositive issue on appeal is whether there is clear and convincing evidence which supports the trial court's decision to terminate the mother's parental rights.
The determination made by the trial court in ore tenus
proceedings is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Mitchell v. State Department ofHuman Resources, 513 So.2d 647 (Ala.Civ.App. 1987).
It is well settled that natural parents have a prima facie
constitutional right to the custody of their children. This right will only succumb to a showing by clear and convincing evidence that removal from the parent is in the child's best interests. Mitchell, 513 So.2d 647. To determine the child's best interests, a court must consider whether a parent is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984). If a court determines by clear and convincing evidence that the parents are unable or unwilling to fulfill their responsibilities to and for a child, then permanent termination of their rights is proper. See In re Brand, 479 So.2d 66
(Ala.Civ.App. 1985).
The record in pertinent part reveals the following. The mother was convicted in April 1986 for illegal possession of a credit card and was given probation for five years. In May 1987 she was sentenced to six years in prison for theft, to run concurrently with her prior five-year sentence (her probation was revoked). In June 1987 the mother was arrested for felony child abuse involving injuries to the child. The mother was sentenced to serve a ten-year prison term for child abuse, to run concurrently with her two prior convictions. The child abuse conviction was on appeal at the time of the present termination hearing.
In September 1986 the mother was admitted for psychiatric treatment after attempting to shoot the putative father and to commit suicide. Even though the psychiatrists diagnosed the mother as having a "passive-aggressive personality disorder," the mother demanded to be and was released after less than a week.
In November 1986 DHR was notified that the child had been admitted to the hospital with third degree burns over approximately fifty percent of her body. The burn injuries to the child were of such a severe nature that she was transferred to a Shriners' Hospital for care. Dr. Richard *Page 573 
Dempsey, a pediatric orthopedic surgeon, testified that the burns were the result of, and consistent with, being dipped in hot water. He also testified that the child would require continuing medical treatment, surgery, leg braces, and more daily care than an average infant. He also stated that her overall prognosis was "poor" and that, because of the risk of infection, her situation was "life-threatening." A more detailed explanation of the devastating nature of the injuries the child has suffered is not warranted for our purposes.
In November 1986 DHR filed a petition, alleging dependency of the child, as well as two other children of the mother. At this time DHR made several attempts to meet with the mother for evaluation. While the mother did attend two of these meetings, she failed to keep the last appointment in January 1987. After a hearing in April 1987, at which the mother was represented by counsel, the child was found to be dependent, and temporary custody was awarded to DHR.
The record is also clear that, while the maternal grandmother petitioned and was granted temporary custody of the child's siblings, she did not petition for custody of the child because of the extensive care involved and limited financial resources. Attempts by DHR to place the child with other relatives were unsuccessful because of the condition of the child.
The record shows that the putative father, Mr. John McCorvey, Jr., who received notice of and testified at these proceedings, is unemployed and has abandoned the child.
The social worker for DHR assigned to this case stated that the child had been in foster care since January 1987 and that it was DHR's intention to place her in a permanent adoptive home if the termination petition is granted.
Section 26-18-7(a), Ala. Code (1975) (1986 Repl.Vol.), enumerates certain grounds justifying the termination of parental rights, several of which we find are applicable in the instant case. Section 26-18-7(a)(2) respects the emotional or mental illness of the parent; § 26-18-7(a)(3) relates to the parent's torture, abuse, or maltreatment of a child; §26-18-7(a)(4) respects the conviction of and imprisonment of the parent for a felony; § 26-18-7(a)(6) relates to the reasonable efforts of DHR toward rehabilitating the parent.
In respect to these grounds, the record shows that the mother was admitted for psychiatric treatment after attempting suicide; that the child was admitted to the hospital with third degree burns over fifty percent of her body, which incident resulted in a conviction of the mother of a felony for child abuse; that the mother has been convicted of and imprisoned for a total of three felonies; that, after the dependency petition was filed in November 1986, DHR made attempts to evaluate and assist the mother and after two meetings the mother failed to keep in contact with DHR.
Also, § 26-18-7(b) enumerates additional considerations, when the child is not in the physical custody of the parent, including § 26-18-7(b)(1), the failure of the parent to provide for the material needs of the child; § 26-18-7(b)(2), the failure of the parent to maintain regular visits with the child; § 26-18-7(b)(3), the failure of the parent to maintain consistent contact or communication with the child; and §26-18-7(b)(4), the lack of effort by the parent to adjust the parent's circumstances to meet the needs of the child in accordance with agreements made with local departments of human resources or child-placing agencies, etc.
In respect to these additional considerations, the record shows that the mother has failed to provide for the needs of the child; to maintain regular visits; to maintain consistent contact with the child; and since the mother failed to attend meetings with DHR, no matter the reason, she obviously did not, or could not, adjust her circumstances to the needs of the child.
The record is also clear that DHR sought less drastic alternatives other than termination of parental rights. Attempts to place the child with relatives failed because of the physical condition of the child and their own stated inability to provide for the necessarily increased needs of the child.
In addition to the stated dispositive issue, we address other issues alleging reversible error. They are (1) denying the mother's *Page 574 
motion to continue, (2) admitting into evidence certain medical records, and (3) allowing Dr. Dempsey to testify, as an expert, as to the cause of the burn injury suffered by the child.
A trial court's denial of a motion for continuance will not be reversed unless palpable or gross abuse of discretion is evident. Selby v. Money, 403 So.2d 218 (Ala. 1981). The mother petitioned the court to delay the termination proceedings while her criminal child abuse conviction was on appeal. We find that to have granted this motion, in view of the condition of the child and the speculative nature of the mother's release from prison, would only have further delayed permanent placement and would not have been in the child's best interests.
As respects the medical records of the child and the psychiatric records of the mother, we find that, in view of the factors enunciated in § 26-18-7(a), they were admissible because they were relevant and material. See Matter of VonGoyt, 461 So.2d 821.
Dr. Dempsey's opinion as to the cause of the child's burns was based upon his past experience treating burn victims and his own treatment of the child after her release from Shriners' Hospital. An expert is allowed to give his opinion upon a hypothetical question as to facts already in evidence or evidence to be subsequently admitted, Crawford v. Hall,531 So.2d 874 (Ala. 1988), and the decision to allow such testimony will not be disturbed on appeal except for palpable abuse.Fortenberry v. Alabama Department of Pensions Security,479 So.2d 54 (Ala.Civ.App. 1985).
In view of the above, the trial court did not abuse its discretion in terminating the mother's parental rights.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.