INGRAM, Presiding Judge.
The Madison County Department of Human Resources (DHR) filed a petition to terminate the parental rights of Isabella Pam to her daughter, Cynthia. After an ore tenus proceeding, the trial court ordered the termination of all parental rights to Cynthia. Ms. Pam appeals.
*1065 Ms. Pam contends that the evidence was insufficient to sustain a judgment terminating her parental rights.
In determining whether to terminate parental rights, the trial court must make a two-pronged finding. First, it must determine the child’s dependency, as supported by clear and convincing evidence. Second, it must find that there exists no viable alternative to termination of custodial rights. In child custody matters, the controlling consideration is always the best interest of the child. Wallace v. Jefferson County Department of Pensions & Security, 501 So.2d 473 (Ala.Civ.App.1986). In determining the child’s best interests, the court must examine whether the parents are physically, financially, and mentally able to provide for their child. Mitchell v. State Department of Human Resources, 513 So.2d 647 (Ala.Civ.App.1987). If clear and convincing evidence reveals that the parents cannot, or are unwilling to, discharge these responsibilities, then parental rights may be terminated. Mitchell, supra.
Evidence was presented to the trial court ore tenus. Therefore, the trial court’s decision is presumed to be correct and will be set aside only if the record reveals the decision to be plainly and palpably wrong. Wix v. Department of Pensions & Security, 464 So.2d 118 (Ala.Civ.App.1985).
We have carefully reviewed the record with these attendant presumptions and principles in mind and find that there is clear and convincing evidence to support the trial court’s determination to terminate the mother’s parental rights.
The record reflects that DHR became involved with this familial situation prior to Cynthia’s birth. In 1980, the department removed an older daughter of Ms. Pam from her custody, following reports of abuse and neglect. The child was later placed in the custody of her father.
Cynthia has been in DHR’s custody since May 1983, when, at the age of eleven months, Ms. Pam walked off and left her in a yard. She remained in DHR’s legal custody until May 1984. She was removed from her mother’s custody again in January 1987 because there was concern that she would be in danger if allowed to remain with her mother. Cynthia was returned to her mother’s physical custody in August 1988. In less than one month, Ms. Pam contacted the department and requested that Cynthia be removed from her home.
Extensive testimony was presented to the trial court that indicated that Ms. Pam has mental problems which would make her unable to provide for her child. Ms. Pam has been diagnosed as a manic depressive. This disorder is characterized by extreme mood shifts that can affect a person’s ability to control his emotions and can cause him to react irrationally. The disorder can be controlled by medication and treatment. Here, the evidence indicates that Ms. Pam is not faithful about taking her medication or attending treatment.
There was also testimony that Ms. Pam’s illness manifests itself in a dangerous manner. She is physically threatening to others. She has been previously arrested for assaulting her boyfriend. She has pulled a knife on family members and pulled a gun on a neighbor. She has set fire to her family’s home and to her ex-husband’s home. On occasion, she has also threatened DHR workers.
The evidence established that neither Ms. Pam nor the child’s father had any relatives able or willing to provide for the child. Furthermore, in our review of the record, we find that DHR made numerous attempts to work with Ms. Pam. It is sufficient to say that the evidence was abundant and clear that all efforts made by DHR to rehabilitate Ms. Pam were unsuccessful.
Cynthia is at present seven years old and has been in and out of foster care since she was eleven months old. She is well adjusted and has no medical problems. At the time of the hearing, she was just completing first grade. There was testimony that she did well in school and that she had good interaction with children her own age. There was testimony that the department would be able to successfully place her *1066 with a family in a fairly short period of time.
We find that there was clear and convincing evidence that it was in Cynthia’s best interest to terminate her mother’s parental rights and that no less drastic alternative was reasonable or available. Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.