L. CHARLES WRIGHT, Retired Appellate Judge.
A petition to terminate the parental rights of D.S. (mother) and R.L.M. (father) to R.L.S. (minor son) was filed by the Butler County Department of Human Resources. M.F.B. (maternal grandmother) filed a petition seeking custody of her grandson. A hearing was held on these petitions. The Juvenile Court of Butler County granted the petition of DHR to terminate parental rights and denied the grandmother’s petition for custody. The determination was appealed to the Circuit Court of Butler County. That court reached the same conclusion as the juvenile court. The mother, father, and grandmother appeal from that decision.
In order to terminate parental rights based on the State’s petition, a court must make several findings. First, the court must determine that the child is dependent based on clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parents’ custodial rights. Ex parte Beasley, 564 So.2d 950 (Ala.1990). The trial court was presented the evidence ore tenus; therefore, its decision is presumed to be correct and will be set aside only if the record reveals the decision to be plainly and palpably wrong. Varnadore v. Dep’t of Human Resources, 543 So.2d 1194 (Ala.Civ.App.1989).
On appeal the parents admit that there was clear and convincing evidence to support the trial court’s finding of dependency. They further admit that there was clear and convincing evidence before the trial court that the parents did not offer a viable placement for the child. They argue, however, that the trial court erred in failing to exhaust all viable alternatives to termination, in that the grandmother was a viable alternative for custody.
The record reflects that DHR has been involved with the grandmother’s household since 1979. In 1979 DHR placed all of the grandmother’s children, including D.S., in foster care or with relatives. One of the daughters has been in foster care for approximately nine years. The grandmother has spent time in prison for manslaughter.
At the time of the hearing the grandmother was living with a man to whom she was not married. Two of her minor daughters who lived with her were pregnant. One was fifteen and the other was sixteen. Nine people were residing in the grandmother’s home, including a one-month-old baby and an 88-year-old adult. No one in the household was employed.
R.L.S. was placed in foster care in December 1987 at the age of three months. The grandmother did not request an opportunity to visit with her grandson. She did not take any presents to him or offer any support, financially or emotionally. The grandmother did not file the petition until two and one-half years after the child had been placed in foster care.
In refusing to award custody to the grandmother, the trial court found the following:
“Further, the Court finds that the residence of [M.F.B.] is not suitable for this child based upon the evaluation of the Butler County Department of Human Resources in that [M.F.B.] has previously been convicted of a crime involving the shooting death of another person, and her home is quite crowded and the subject of reports of child abuse and other violent incidents. The Court also notes that another child of [M.F.B.] is currently in foster care.
“Further, the Court finds that the Butler County Department of Human Resources has exhausted all resources available and that the only viable alternative is the placement of said child for permanent adoption by the State Department of Human Resources.”
There was clear and convincing evidence to support the trial court’s decision to terminate the parental rights and its conclu *944 sion that no less drastic alternative was available. Accordingly, the decision of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.