ROBERT P. BRADLEY, Retired Appellate Judge.
In September 1990 the State Department of Human Resources (DHR) filed petitions to terminate the parental rights of V.W., *334 the mother of G.W. and Q.W. The petitions also sought to terminate the parental rights of the children’s respective putative fathers.
After several continuances, an ore tenus proceeding was held on the petitions in February 1991. The trial court subsequently entered an order terminating the parental rights of V.W. and the rights of both putative fathers, whose whereabouts were unknown. The mother appeals.
A parent has a prima facie right to custody of her children; however, this right can be overcome when the court finds that termination of parental rights is in the best interests of the children. Travis v. Department of Human Resources, 547 So.2d 571 (Ala.Civ.App.1989). To determine the best interests of the child in a termination proceeding where the State is a party, the court must first make a finding, based on clear and convincing evidence, that the children are dependent. Wallace v. Jefferson County Dep’t of Pensions & Security, 501 So.2d 473 (Ala.Civ.App.1986).
The record shows that the elder child, now about thirteen years old, has been in foster care since 1988 and was a victim of child abuse while in the mother’s custody. The child is mentally retarded and suffers from emotional problems. The younger child, age two, was born while the mother was in prison and has been in foster care all of his life. The dependency of the children is thus well established in this case.
After making a finding of dependency, the court must next establish that there exists no viable alternative to termination of the parent’s custodial rights. Wallace.
Here, the record is replete with evidence which shows that the mother is unwilling or unable to discharge her duties as a parent. She has a history of severe substance abuse and instability, as well as several felony convictions which resulted in her incarceration. She has repeatedly demonstrated a complete inability to handle her own affairs for any extended period of time. The mother has exhibited little grasp of basic parenting skills and does not comprehend the special needs of her elder child. Based on this evidence, the trial court properly found that placement of the children with the mother is not a viable alternative.
The record shows that DHR has investigated the possibility of placing the children with the mother’s adopted sister, or with members of her extended family. The mother’s DHR caseworker testified at trial that these investigations have been fruitless. The worker confirmed that the State would accept permanent custody of the children and that they are adoptable. In view of this, the court properly found that there is no other viable alternative to termination of the mother’s parental rights.
The findings of fact required for termination have been made by the trial court and are supported by the evidence presented in the record. Its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.