The Colbert County Department of Human Resources filed a petition to terminate the parental rights of J.L.B. (mother) to her son, J.W.B. After oral proceedings, the *Page 1368 
trial court ordered the termination of all parental rights. The mother appeals.
In order to terminate parental rights based on the state's petition, a court must make several findings. First, the court must determine that the child is dependent, based on clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parent's custodial rights. Ex parte Beasley, 564 So.2d 950
(Ala. 1990). The trial court was presented the evidence ore tenus; therefore, its judgment is presumed to be correct and will be set aside only if the record reveals the judgment to be plainly and palpably wrong. Varnadore v. Department ofHuman Resources, 543 So.2d 1194 (Ala.Civ.App. 1989).
Although a child's parents have prima facie right to custody, the paramount concern in these proceedings is the child's best interests. Mitchell v. State Dep't of Human Resources,513 So.2d 647 (Ala.Civ.App. 1987). In determining the child's best interests, the court must examine whether the parents are physically, financially, and mentally able to provide for the child. Mitchell. If clear and convincing evidence reveals that the parents cannot or are unwilling to discharge these responsibilities, parental rights may be terminated.Mitchell; § 26-18-7, Code 1975.
The mother concedes that her child is dependent. She contends, however, that the court did not have clear and convincing evidence that no viable alternative to termination existed. She asserts that there was a less drastic alternative available and that the court's ruling was plainly and palpably wrong.
The record reflects that DHR first obtained legal custody of the child in May 1990, after the mother was arrested and incarcerated in the Colbert County jail. The child was 21 months old at the time. At the time of the hearing the child was approximately four years old and had not seen his mother in almost two years. During most of that time the mother was incarcerated. In the few months that she was not incarcerated, she never contacted DHR and disclosed her whereabouts. The mother has never provided any support for the child.
At the time of the hearing the mother had been on probation for two months and was under the supervision of the Probation and Parole Services in the State of Florida. At the end of the proceedings the mother was to be turned over to the sheriff of Lauderdale County, Alabama. The sheriff had an outstanding warrant for her arrest based on an indictment for burglary, theft, and receiving stolen property.
The trial court considered the possibility of placing the child with family members as an alternative to termination of parental rights. The evidence showed, however, that the only relative who ever expressed interest in caring for the child later renounced that interest. The record reflects that there was a couple interested in adopting the child.
We find that the termination of parental rights of the mother was supported by clear and convincing evidence. The only less drastic alternative available was to maintain the child in foster care until, perhaps, the mother could get out of trouble and rehabilitate herself sufficiently to become a fit parent. That possibility is remote. She has two older children by a different father who are in their father's custody. This child is now four years of age and presently adoptable. Further postponement of that possibility is not in his best interests.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1369