L. CHARLES WRIGHT, Retired Appellate Judge.
The Cleburne County Department of Human Resources filed a petition to terminate the parental rights of T.T. (mother) and K.H. (father) to their son, B.H. After oral proceedings, the trial court ordered the termination of all parental rights. The mother appeals.
In order to terminate parental rights upon the state’s petition, a court must make several findings: First, the court must determine that the child is dependent according to clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parent’s custodial rights. Ex parte Beasley, 564 So.2d 950 (Ala.1990). If the trial court was presented the evidence ore tenus, its judgment is presumed to be correct. It will be set aside only if the record reveals it to be plainly and palpably wrong. Varnadore v. Department of Human Resources, 543 So.2d 1194 (Ala.Civ.App.1989).
Although a child’s parents have a prima facie right to custody, the paramount concern in these proceedings is the child’s best interests. Mitchell v. State Dep’t of Human Resources, 513 So.2d 647 (Ala.Civ. App.1987). In determining the child’s best interests, the court must examine whether the parents are physically, financially, and mentally able to provide for the child. Mitchell. If clear and convincing evidence reveals that the parents cannot, or are unwilling to, discharge these responsibilities, parental rights may be terminated. Mitchell; § 26-18-7, Code 1975.
The mother argues that in this case there was a lack of clear and convincing evidence to support the trial court’s decision.
The record reflects that the minor child was born in 1987. He was 12 to 18 months old when his sister was born. Not long after the sister came home from the hospital, the mother took her to the doctor with a broken leg. The sister was removed from her parents’ custody. She was returned to the parents’ home 18 to 24 months later. Shortly after her return, she was beaten to death by the mother. The son was placed in foster care in October 1990. The mother was arrested for the murder of her daughter several months later. At the time of the hearing, the mother was 20 years of age. She was serving a twenty-year sentence for murder. Her maximum release date was the year 2010. Her earliest parole date was 1997. At the time of the hearing, the child was five years of age and had not seen his mother in two years.
*810 The record reflects that the Department attempted to locate relative resources for placement. The relatives, however, were not found to be suitable for long-term placement.
We find the court’s decision to be supported by clear and convincing evidence. The only alternative available was to maintain the child in foster care until the mother could get out of prison and possibly rehabilitate herself sufficiently to become a fit mother. The child is five years of age and presently adoptable. We find the court’s decision to be in the best interests of the child, particularly in view of the uncertainty surrounding the mother’s future.
The mother further insists that the trial court’s decision was in error because the Department had failed to make any efforts towards her rehabilitation, as provided in § 26-18-7(a)(6).
The evidence established that the mother was unable to properly care for the child and that her condition was unlikely to change in the foreseeable future. § 26-18-7(a). Whether rehabilitation of a mother who has killed a child is possible is highly problematical. Under such circumstances, § 26-18-7(a)(6) would have no application. Matter of Hutchins, 474 So.2d 1152 (Ala.Civ.App.1985).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.