628 So.2d 734 (1993)
A.N.S.
v.
K.C. and C.C.
In the Matter of A.N.S. and A.N.S.
AV92000302.
Court of Civil Appeals of Alabama.
July 9, 1993.
*735 Sandra K. Meadows, Mobile, for appellant.
Richard E. Shields of McCleave, Roberts & Shields, P.C., Mobile, for appellees.
L. CHARLES WRIGHT, Retired Appellate Judge.
Following oral proceedings, the parental rights of A.N.S. (father) to his two minor daughters were terminated by the Juvenile Court of Mobile County. The petition for termination was filed by the maternal aunt and uncle of the two minor children. The father appeals.
In order to terminate parental rights upon a nonparent's petition, a court must make several findings: First, the court must determine that the child is dependent according to clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parental rights. Ex parte Beasley, 564 So.2d 950 (Ala.1990). If the trial court was presented the evidence ore tenus, its judgment is presumed to be correct. It will be set aside only if the record reveals it to be plainly and palpably wrong. Varnadore v. Dep't of Human Resources, 543 So.2d 1194 (Ala.Civ.App.1989).
Although a child's parent has the prima facie right to custody, the paramount concern in these proceedings is the child's best interests. Mitchell v. State Dep't of Human Resources, 513 So.2d 647 (Ala.Civ. App.1987). In determining the child's best interests, the court must examine whether the parent is physically, financially, and mentally able to provide for the child. Mitchell. If clear and convincing evidence reveals that the parent cannot, or is unwilling to, discharge these responsibilities, parental rights may be terminated. Mitchell; § 26-18-7, Code 1975.
The father does not question the trial court's finding of dependency. He contends, however, that the court did not have clear and convincing evidence that no viable alternative to termination existed. He asserts that there was a less drastic alternative available and that the court's ruling was plainly and palpably wrong.
The record reflects that the maternal aunt and uncle first obtained legal custody of the children in September 1991, after the father was arrested for the murder of his ex-wife, the mother of the children at issue. He subsequently pleaded guilty to murder and was sentenced to life imprisonment. At the time of the murder, the older child was approximately five years of age. The younger child was approximately two years of age. At the time of the hearing, the father was 38 years of age. He was serving a life sentence for murder. The children had not seen their father in over a year. He acknowledged that he had provided no support for the children since October 1991.
The only alternative available to the trial court was to maintain the status quo until the father could get out of prison. At the time of the hearing, his release date was based on mere speculation. He testified that it was his understanding that he could possibly be released in seven years. The maternal aunt and uncle were willing to adopt the children to give them a feeling of permanency and security. The maternal uncle is a career officer in the military. Once the children are adopted, they will be eligible for military benefits.
In terminating the father's parental rights, the trial court, in pertinent part, entered the following order:
"Said children have been in the physical custody of the petitioners since the death of the mother of said children and the petitioners ... have provided exceptional nurturing, care, supervision, and training for said children and have completely incorporated the children into their family.

*736 "The Court finds the petitioners ... maternal aunt and uncle, to be exceptionally good family resources for placement of said children.
"It is improbable to expect that the father upon his eventual release from prison will be in a position to resume the care and rearing of said children, and it is improbable to expect that uprooting them from the home of the [maternal aunt and uncle] after eight to ten years or more of placement would be in said children's best interests."
Our review of the record supports the findings of the trial court. The father's testimony leaves no doubt that the father loves his children and wants to continue to be a part of their lives. However, in view of the circumstances presented by this fact situation, we agree with the trial court that termination of the father's parental rights is in the best interests of the children.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.