L. CHARLES WRIGHT, Retired Appellate Judge.
John and Jane Doe (anonymous petitioners) filed an action in the juvenile court of Etowah County, seeking to terminate the parental rights of M.M. (mother) and R.F. (father) to N.M. (daughter). Following lengthy oral proceedings, the trial court terminated the father’s parental rights, but found a viable alternative to termination of the mother’s parental rights. That alternative was found to be the maternal grandparents. The Does appeal.
The record reflects that the mother had five children — three boys and two girls. In November 1991 she murdered her oldest daughter, who was two years old at the time. At the time of the murder the two oldest boys, ages 10 and 5½, were living with their maternal grandparents, where they had resided most of their fives. N.M., the daughter at issue, was five months old. The mother’s youngest son was born while the mother was awaiting trial for the murder.
*756 Immediately after the murder, the five-month-old daughter was removed from the mother’s custody and placed with relatives. Approximately 30 days later, the relatives sought the services of the Department of Human Resources to have the child removed from their home. The department filed a petition with the juvenile court, requesting a removal hearing. At that hearing on December 9, 1991, the court granted temporary custody to the Does for the purpose of filing a petition to adopt the child.
The Does eventually filed a petition in the probate court to adopt the child. On March 26, 1992, the Does filed this action to have the mother and father’s parental rights terminated. On April 1, 1992, the maternal grandparents petitioned the court for temporary custody of the child. The maternal grandparents were granted custody of the two oldest boys in February 1992. They were granted custody of the youngest boy in April 1993. The termination hearing was held in August 1993. The Does’ petition for adoption remained pending at the time of the termination hearing.
On appeal the Does initially assert that the trial court erred in refusing to terminate the mother’s parental rights because they insist that the mother consented to the adoption of the child at the December 9, 1991, hearing. The issue of consent was not tried before the juvenile court, and that court made no ruling on it. In fact, at one point in the termination proceeding, the Does’ attorney stated that he filed the termination petition because the mother’s consent was in question. The juvenile court made it perfectly clear that the only issue to be determined was the termination of parental rights.
We make no comment on the procedural history of this ease or the implications concerning the adoption proceedings that may be drawn from the trial court’s order. The only issue before the juvenile court and, therefore, this court was whether the parental rights of the mother to the minor daughter should have been terminated.
In order to terminate parental rights upon a nonparent’s petition, a court must make several findings: First, the court must determine that the child is dependent according to clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parental rights. Ex parte Beasley, 564 So.2d 950 (Ala.1990). If the trial court was presented the evidence ore tenus, its judgment is presumed to be correct. It will be set aside only if the record reveals it to be plainly and palpably wrong. Varnadore v. Dep’t of Human Resources, 543 So.2d 1194 (Ala.Civ.App.1989).
The mother never married. However, it was alleged that the child at issue and the 5½ -year-old son had the same father. The father’s whereabouts were unknown. The department’s attempt to locate him was unsuccessful. There was testimony that the father never showed any interest in the child and never provided any support. Based on the evidence, or lack thereof, the trial court terminated the father’s parental rights. The father does not appeal. The termination of his parental rights, therefore, is not at issue.
The maternal grandparents, by requesting custody of the minor child, presented themselves as a viable alternative to the termination of the mother’s parental rights. The dispositive issue before the trial court was whether the grandparents were a viable alternative to termination. The trial court found that they were and denied the petition. We, therefore, must determine whether the record supports the trial court’s decision.
We find it unnecessary to give a rendition of the facts contained in the six volumes of record on appeal. There were allegations made that the maternal grandparents emotionally, physically, and mentally abused their children and grandchildren. The trial court found the allegations to be unfounded and lacking in credibility. The court entered a lengthy and specific order containing its findings and its determination. We find its two concluding paragraphs to be of significance:
“In summary, this court has previously found [the maternal grandparents] to be suitable persons for having custody of [N.M.’s] three brothers.... The reasons offered to show that they are not suitable persons to also have custody of [N.M.] were known prior to those hearings. No evidence has been offered to show that the [maternal grandparents] have changed *757 since those hearings such that, while being then suitable for having custody of the children, then, they are no longer suitable. There are good reasons to doubt the credibility of the allegations against the [maternal grandparents] concerning physical, emotional, or sexual abuse of their own children or grandchildren, and no clear evidence has been found to support those allegations.
“This Court cannot say that the maternal grandparents of [N.M.], who have been found suitable to have custody of [N.M.’s] three brothers despite such questionable allegations against them, are not a viable alternative to termination of the mother’s parental rights. Therefore, the petition for termination of [M.M.’s] parental rights is denied.”
Our thorough review of the record supports the trial court’s conclusion. Its judgment is, therefore, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.