L. CHARLES WRIGHT, Retired Appellate Judge.
The Talladega County Department of Human Resources filed a petition to terminate the parental rights of K.H. (mother) and A.B. (father) to their three minor children. After oral proceedings, the trial court ordered the termination of all parental rights.
The mother appeals and asserts that the trial court erred in terminating her parental rights.
In order to terminate parental rights upon the state’s petition, a court must make several findings: First, the court must determine that the child is dependent according to clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the parent’s custodial rights. Ex parte Beasley, 564 So.2d 950 (Ala.1990). If the trial court was presented the evidence ore tenus, its judgment is presumed to be correct. It will be set aside only if the record reveals it to be plainly and palpably wrong. Varnadore v. State Dep’t of Human Resources, 543 So.2d 1194 (Ala.Civ.App.1989).
Athough a child’s parents have a pri-ma facie right to custody, the paramount concern in these proceedings is the child’s best interests. Mitchell v. State Dep’t of Human Resources, 513 So.2d 647 (Ala.Civ.App.1987). In determining the child’s best interests, the court must examine whether the parents are physically, financially, and mentally able to provide for the child. Mitchell. If clear and convincing evidence reveals that the parents cannot, or are unwilling to, discharge these responsibilities, parental rights may be terminated. Mitchell; § 26-18-7, Code 1975.
*614 The record reflects that DHR became involved in this familial situation in January 1991, due to allegations of the mother’s drug usage and her lack of supervision of the children. After exhausting its efforts to supervise the situation, DHR requested, and was awarded, temporary custody of the children in January 1992. The mother was ordered to attend counseling and a drug rehabilitation program.
In April 1994 DHR filed a petition, seeking to terminate the mother and father’s parental rights. A hearing was held the same month. At the time of the hearing the children were ages 7, 5, and 3 and had been in foster care for approximately 27 months.
The record reflects that during 1992 the mother visited the children approximately four times. During 1993 she visited them approximately six times. Prior to the hearing she had not seen the children since November 1993. There was evidence that the mother attended only three counseling sessions, that she had moved eighteen times in the last two years, and that she had five jobs during the same time period. At the time of the hearing she was unemployed and living with the children’s father in an efficiency apartment in Montgomery. The mother never gave any monetary support for the children.
The record established that relative resources were investigated and that none was found to be willing and able to provide care for the children. The maternal uncle was the only relative who presented himself as a resource. He had custody of the children for six weeks before he returned them to DHR, stating that his wife was unable to care for the children. The record reflects that there was a couple interested in adopting the children.
We find that the termination of the parental rights of the mother was supported by clear and convincing evidence. The mother had made little effort to rehabilitate herself, to stabilize her situation, or even to visit the children. The only less drastic alternative was to maintain the children in foster care until the mother could possibly rehabilitate herself. In view of her actions in the last two years, that possibility is remote. The children are presently adoptable. We find the court’s decision to be in the best interests of the children, particularly in view of the uncertainty surrounding the mother’s future.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.