CRAWLEY, Judge.
In February 1997, the Calhoun County Department of Human Resources (the Department) petitioned to terminate the parent tal rights of J.N. (the mother) and S.N. (the father), the natural parents of R.D., D.D.,. D.J.N., and J.N. (the children). Following the presentation of ore tenus evidence, the trial court terminated the parental rights of both parents; the mother appeals.
The termination of parental rights is a drastic measure, and the courts gravely consider such action. Ex parte Beasley, 564 So.2d 950 (Ala.1990). A natural parent’s pri-ma facie right to the custody of his or her child is outweighed only by clear and convincing evidence that termination of parental rights is in the best interests of the child. L.N. v. State Dep’t of Human Resources, 619 So.2d 928 (Ala.Civ.App.1993). The juvenile court considers the parent’s physical, financial, and mental abilities to care for the child, to determine the child’s best interests. J.L.B. v. State Dep’t of Human Resources, 608 So.2d 1367 (Ala.Civ.App.1992).
The juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and convincing evidence must support a finding that the child is dependent; and (2) the court must properly consider and reject all viable alternatives to a termination of parental rights. Beasley, supra. This court will affirm the juvenile court’s judgment unless it determines that the juvenile court’s findings are so unsupported by the evidence as to be plainly and palpably wrong. Lee v. Jackson County Dep’t of Pensions & Security, 470 So.2d 1294 (Ala.Civ.App.1985).
After .reviewing the record, we conclude that the trial court properly terminated the mother’s parental rights. The Department presented clear and convincing evidence that the children are dependent. The mother is mildly retarded. Dr. David Wilson, a psychiatrist, testified that the mother is unable to care for the children. Dr. Wilson explained that the mother’s retardation makes it difficult for her to understand the specific needs of her children and to understand how to properly discipline her children.
The Department started working with the family in 1990; the Department provided services ranging from therapy to providing a case manager, and eventually workers were placed in the home to provide intense on-site services. The children were removed from the home in 1995, after Department workers reported no progress was being made. After the children were removed from the home, the mother visited them only twice in one year. The juvenile court may consider in a case such as this, where the child is not in the parent’s custody, whether the parent maintained contact with the child and whether the parent made efforts to improve her circumstances in order to satisfy the child’s needs. Ala.Code 1975, § 26-18-7(b)(3) and (4). The mother has not improved her ability to care for her children, even though she. has received substantial aid from outside sources over a period of several years.
The Department also presented evidence indicating that there was no less drastic alternative than termination of the mother’s parental rights. No other family members were willing, or able, to care for the children. Also, as stated above, the Department has provided services to the family for several years, and the mother has not improved her ability to care for and supervise the children.
*1267 We conclude that the trial court properly terminated the parental rights of the mother. Therefore, the trial court’s judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.