CRAWLEY, Judge.
In November 1996, the State Department of Human Resources filed a complaint to terminate the parental rights of Z.G., the mother of two minor children, A.G. and L.G. Following the presentation of ore tenus evidence, the trial court terminated the mother’s parental rights. The mother appeals, arguing that the trial court erred by terminating her parental rights because, she contends, the trial court did not consider all viable alternatives to terminating her parental rights.
The termination of parental rights is a drastic measure, and the courts gravely consider such action. Ex parte Beasley, 564 So.2d 950, 952 (Ala.1990). A natural parent’s prima facie right to the custody of his or her child is outweighed only by clear and convincing evidence that termination of parental rights is in the best interests of the child. L.N. v. State Dep’t of Human Resources, 619 So.2d 928, 929 (Ala.Civ.App.1993). The trial court considers the parent’s physical, financial, and mental abilities to care for the child in order to determine the child’s best interests. v. State Dep’t of Human Resources, 608 So.2d 1367, 1368 (Ala.Civ.App.1992).
 The trial court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and convincing evidence must support a finding that the child is dependent; and (2) the court must properly consider and reject all viable alternatives to a termination of parental rights. Beasley, at 954. This court will affirm the trial court’s judgment unless it determines that the juvenile court’s findings are so unsupported by the evidence as to be plainly and palpably wrong. Lee v. Jackson County Dep’t of Pensions & Sec., 470 So.2d 1294, 1296 (Ala.Civ.App.1985).
The mother concedes that there is clear and convincing evidence to indicate that the children are dependent. She argues only that the trial court did not consider all viable alternatives, particularly, the children’s placement with L.G., the mother’s brother.
DHR first became involved with the mother in 1986 regarding the care of her two older children. The mother moved with her children to Boston, Massachusetts, for several years, and upon returning to Alabama a few years ago, DHR again became involved with the family — this time because of the mother’s inability to care for her two younger children, who are the subject of this case.
The caseworker testified that the mother’s brother was contacted about 10 years ago regarding placement of the children, but that he declined a placement at that time. The mother’s brother denies ever being contacted by DHR. The caseworker further testified *803 that the mother has been unwilling to comply with service plans designed for her and that she has not made any progress toward being able to care for the children. The children have severe emotional problems, and they have been placed in foster - care with their paternal aunt as the foster mother. The caseworker and the paternal aunt testified that the children have improved in this situation. The paternal aunt has completed extensive training to be able to meet the children’s special needs.
The mother’s brother testified that he and his wife were willing to have custody of the children and that they would be willing to take special classes and other training to deal with the children’s special needs. The mother’s brother has not been in contact with the mother or her children in several years. He testified that he hoped that the mother would improve and would be able eventually to care for the children herself. He testified that he would allow the mother to have substantial involvement with the children.
We conclude that the trial court did not err in finding that placing the children with the mother’s brother was not a viable alternative to terminating the mother’s parental rights. DHR has been involved with this family for more than 10 years, and during that time the mother has made no progress toward being an adequate parent. The paternal aunt is willing and able to care for the children and provide them with much-needed stability. The children have not had contact with the mother’s brother, and his willingness to allow the mother to be involved with them would only prolong an unstable and unsuitable situation. The mother’s brother did not at any time before the trial contact DHR about being a possible placement.
We affirm the trial court’s judgment terminating the mother’s parental rights.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.