BEATTY, Retired Justice.
In July 1997, the Cullman County Department of Human Resources filed petitions seeking permanent custody of three siblings. The petitions sought to have the parental rights of J.W.M. (“the mother”) and R.M. (“the father”) terminated as to their three minor children. These minor children were born in 1989, 1990, and 1991.
After a two-day hearing the trial court issued an order, dated April 6,1998, terminating the parental rights of the mother and the father and awarding custody and control of the three minor children to the State Department of Human Resources (DHR).
The mother and the father appeal. The mother contends that the trial court’s determination was not supported by clear and convincing evidence. The father contends that the trial court erred in determining that there existed no viable alternative to the termination of parental rights.
The Cullman County DHR began working with the mother and the father and their minor children in June 1990, after the birth of the second child. Over the next seven years, the family moved back and forth between Cullman County and Morgan County, and during that time DHR provided numerous .services to the family. Unfortunately, the mother and the father made little or no progress.
In 1994, the Morgan County Juvenile Court issued a restraining order against the father, requiring that his contact with the minor children be supervised because of a father’s inability to control his emotions, a problem that had resulted in injury to the mother and/or the minor children. However, the mother and the father violated this order on numerous occasions when the mother allowed the father to have unsupervised involvement with the family.
In September 1994, the children were placed in foster care. The mother and the father were divorced in November 1994. The children were returned to the mother’s custody in February 1995. In January 1996, DHR petitioned for and received temporary custody of the children. The children were placed in foster care, and neither the mother nor the father has had custody of the minor children since January 1996.
In J.L. v. State Dep’t of Human Resources, 688 So.2d 868, 869 (Ala.Civ.App.1997), this court stated:
“.If the trial court was presented ore tenus evidence, its judgment is pre *1220 sumed to be correct. It will be set aside only if the record reveals it to be plainly and palpably wrong.”
(Citations omitted.)
In J.L.B. v. State Dep’t of Human Resources, 608 So.2d 1367, 1368 (Ala.Civ.App.1992), this court stated:
“Although a child’s parents have pri-ma facie right to custody, the paramount concern in these proceedings is the child’s best interests. In determining the child’s best interests, the court must examine whether the parents are physically, financially, and mentally able to provide for the child. If clear and convincing evidence reveals that the parents cannot or are unwilling to discharge these responsibilities, parental rights may be terminated.”
(Citations omitted.)
Reviewing the record, we find ample evidence that over a seven-year period, DHR made numerous efforts to rehabilitate the mother and the father and that all efforts have failed. Further, we find ample evidence that the mother and the father have failed to adjust his/her circumstances to meet the needs of his/her minor children. See § 26-18-7, Ala.Code 1975.
There was testimony that DHR had researched relative placements and found that none were available. There was also testimony that the children are presently adoptable. The evidence clearly demonstrates that although DHR has provided services to the family since 1990, the mother and the father “cannot or are unwilling to discharge [their parental] responsibilities [to their minor children].” J.L.B. v. State Dep’t of Human Resources, 608 So.2d at 1368. Consequently, we must affirm the trial court’s order terminating the parental rights of the mother and the father.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.