In June 1998, the State Department of Human Resources ("DHR") filed a petition to terminate the parental rights of D.T. (the "mother") and A.H. (the "father") as to K.D.T. (the "child"). Following the presentation of ore tenus evidence, the trial court terminated the parental rights of both the mother and the father. Only the father appeals.
The termination of parental rights is a drastic measure, and the courts gravely consider such action. Ex parte Beasley,564 So.2d 950, 952 (Ala. 1990). A natural parent's prima facie right to the custody of his or her child is outweighed only by clear and convincing evidence that termination of parental rights is in the best interests of the child. L.N. v. State Dep't ofHuman Resources, 619 So.2d 928, 929 (Ala.Civ.App. 1993). To determine the child's best interests, the juvenile court considers the parent's physical, financial, and mental abilities to care for the child. J.L.B. v. State Dep't of Human Resources,608 So.2d 1367, 1368 (Ala.Civ.App. 1992).
The grounds upon which a court may terminate parental rights pursuant to Ala. Code 1975, § 26-18-7(a), are:
 "[T]he parents of [the] child are unable or unwilling to discharge their responsibilities to and for the child, or . . . the conduct or condition of the parents is such as to render them unable to properly care for the child and . . . such conduct or condition is unlikely to change in the foreseeable future. . . ."
The juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and convincing evidence must support a finding that the child is dependent; and (2) the court must properly consider and reject all viable alternatives to a termination of parental rights. Beasley, at 954.
The father does not dispute whether clear and convincing evidence supports the finding that the child is dependent. His argument is that the trial court did not properly consider and reject all the viable alternatives to termination of his parental rights. The father has been jailed three or four times for a variety of theft offenses. He is currently serving a 25-year sentence for armed robbery. At the time of trial, he had served almost eight years of his sentence. He testified that he knew *Page 970 
he was eligible for parole, but he did not know when his parole hearing would be held. During his incarceration, he has not had contact with the child.
In his brief, the father argues that the trial court could have placed the child with the mother, and he argues that the trial court should not have terminated her parental rights. Obviously, the trial court did not find placement with the mother to be a viable alternative because that court terminated her
parental rights as well. The mother did not challenge the termination of her parental rights.
The father next argues that the trial court could have placed the child with the mother's oldest son, who is 20 years old. We conclude that the trial court properly rejected this alternative as well. The 20-year-old son testified that he currently lives with his mother and grandmother. He also testified that if he received custody of the child, his brother, that he, along with the mother, might move out of state. The 20-year-old son's testimony indicates that he contemplates having the child and the mother, whose parental rights have been terminated, to live together. This alternative would also defeat the trial court's uncontested decision to terminate the mother's parental rights.
The trial court's judgment terminating the father's parental rights is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.