CRAWLEY, Judge.
In January 1998, the State Department of Human Resources (“DHR”) petitioned to terminate the parental rights of D.B. (the “mother”) and A.Q. (the “father”) as to their two children, T.I.B. and T.F.B. Following the presentation of ore tenus evidence, the trial court terminated the parental rights. Only the mother appeals. She argues that the evidence does not support the trial court’s judgment terminating her parental rights.
The termination of parental rights is a drastic measure, and the courts gravely consider such action. Ex parte Beasley, 564 So.2d 950, 952 (Ala.1990). A natural parent’s prima facie right to the custody of his or her child is outweighed only by clear and convincing evidence that termination of parental rights is in the best interests of the child. L.N. v. State Dep’t of Human Resources, 619 So.2d 928, 929 (Ala.Civ.App.1993). The juvenile court considers the parent’s physical, financial, and mental abilities to care for the child, to determine the child’s best interests. J.L.B. v. State Dep’t of Human Resources, 608 So.2d 1367, 1368 (Ala.Civ.App.1992).
The grounds upon which a court may terminate parental rights pursuant to Ala.Code 1975, § 26-18-7(a), are:
“[T]he parents of [the] child are unable or unwilling to discharge their responsibilities to and for the child, or ... the conduct or condition of the parents is such as to render them unable to properly care for the child and ... such conduct or condition is unlikely to change in the foreseeable future.... ”
The juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and convincing evidence must support a finding that the child is dependent; and (2) the court must properly consider and reject all viable alternatives to a termination of parental rights. Beasley, at 954.
The mother argues that DHR presented no clear and convincing evidence to support a determination that the children are dependent. She does not argue on appeal that there are viable alternatives to the termination of her parental rights.
In her brief, the mother acknowledges that she has an almost 10-year history of mental illness. She has been diagnosed with bipolar disorder and has been hospitalized for treatment on several occasions. During the last 10 years, she has had custody of these two children for only one year. The evidence indicates that the mother’s condition can be controlled if she regularly takes medication. The mother has repeatedly stopped taking medication; this action caused a worsening of her mental health and eventually required her hospitalization. At trial, the mother testified that she has continued to take her medication since her latest hospitalization and that her condition has improved.
Section 26-18-7(a)(2) states that “mental illness ... of such duration or nature as to render the parent unable to care the needs of the child” is a basis for terminating parental rights. As stated above, the mother has an almost 10-year history of mental illness that has prevented her from having custody of these two children except for one year. The mother argues that because her condition has improved, the termination of her parental rights is not properly based on her past history of mental illness.
We disagree. As stated above, the mother has been able to have custody of these two children for one year out of the last 10 years. DHR has provided the mother a variety of services relating to her employment and housing, but the mother still lacks steady employment and housing. The evidence also indicates that the mother continues to have a relationship with a man prone to violence and with a criminal record. Therefore, other factors besides the mother’s recurrent mental illness justify the termination of her parental rights.
AFFIRMED.
*839 ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
YATES, J., concurs in the result.