This case involves a termination of parental rights. *Page 525 
A petition to terminate the parental rights of Sharon Deacy Ezekiel (mother) was filed by the Jefferson County Department of Human Resources (Department) on April 5, 1989, and amended on June 22, 1989. The trial court terminated the mother's rights on September 14, 1989. Following the denial of her motion for rehearing, the mother filed a notice of appeal to this court on September 28, 1989. We affirm.
The mother raises four contentions on appeal, yet fails to cite any authority to support the first three of those contentions as mandated by Rule 28(a)(5), Alabama Rules of Appellate Procedure. In fact, with regard to the mother's third issue, there is no argument presented whatsoever. Consequently, we are precluded from addressing these issues. May v.Department of Human Resources, 512 So.2d 781
(Ala.Civ.App. 1987). Thus, we find the dispositive issue to be whether the Department sufficiently proved both the child's dependency and its exhaustion of all reasonable efforts to rehabilitate the mother prior to seeking a termination of her parental rights.
With regard to the issue of dependency, the mother asserts that, because physical custody of the child was returned to her subsequent to the trial court's initial finding of dependency on September 23, 1987, the Department must re-prove such dependency prior to the termination of her parental rights. We disagree.
Although the mother was given physical custody for a brief period in 1988, legal custody remained with the Department. InGentry v. State Department of Pensions Security,462 So.2d 929 (Ala.Civ.App. 1984), this court recognized that, following a determination of dependency, a termination proceeding might not result until after the parent whose rights are being terminated has been given an opportunity to rehabilitate herself. Furthermore, the trial court here recognized its continuing jurisdiction over this matter, even though the mother had been given physical custody of the child. See
Ala. Code 1975, § 12-15-32 (1986 Repl.Vol.). Consequently, we find that the dependency of the child in this instance was not required to be re-proved.
We do note, however, that the record reveals that the trial court did make a finding that, at the time of the termination proceeding, the child remained dependent. Furthermore, although we are not called upon to do so, we find that such a conclusion is supported by clear and convincing evidence.
Finally, we must determine whether reasonable efforts to rehabilitate the mother were exhausted prior to terminating her rights and whether such efforts failed. This is one factor which the trial court must consider when making a decision whether to terminate one's parental rights. Ala. Code 1975, § 26-18-7(a)(6) (1986 Repl.Vol.).
Testimony was presented to the trial court that the Department made repeated attempts at rehabilitating the mother. Following the trial court's finding that the mother was in need of various rehabilitative services, the Department made every effort to ensure her compliance. It was shown that, although the mother initially responded by cooperating with the Department's rehabilitative efforts, upon regaining physical custody of her child she effectively discontinued her rehabilitation. For example, although she agreed to participate in six screenings for alcohol use, she discontinued her participation after only two screenings. She also ceased attending homemaker classes, even though transportation was provided for her.
In light of our ore tenus standard of review, Matter ofHutchins, 474 So.2d 1152 (Ala.Civ.App. 1985), and the trial court's determination that all reasonable efforts by the Department at rehabilitating the mother had failed, we affirm the trial court's termination of the mother's parental rights.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 526