L. CHARLES WRIGHT, Retired Appellate Judge.
This is a termination of parental rights case.
In July 1989 the Houston County Department of Human Resources (DHR) issued a pick-up order for the minor child, T.M.A., after receiving a report of abuse to the child. A hearing was held within 72 hours and the child was placed in the temporary custody of DHR. During the next four months, the child remained in foster care while DHR investigated possible placement with relatives. After this investigation was concluded, a dispositional hearing was held in May 1990 and the child was placed in the temporary custody of her maternal aunt and uncle. The mother was present at the hearing and consented to this custody arrangement.
In July 1990 the aunt and uncle filed a petition in the Probate Court of Houston County to adopt the child. The aunt and uncle subsequently filed a petition in the juvenile court seeking to terminate the rights of the parents. The petition for adoption was transferred to the juvenile court and consolidated with the termination proceeding. A guardian ad litem was appointed for the child.
In December 1990 the child’s natural father appeared before the juvenile court and consented to the termination of his parental rights. The aunt and uncle subsequently filed a motion requesting that DHR conduct a study of the natural mother’s home and this motion was granted.
The matter was presented ore tenus in March 1991. The court was presented with evidence from all parties and DHR. The juvenile court entered judgment finding that the child was dependent. The parental rights of the parents were terminated. The petition of the aunt and uncle to adopt the child was granted.
After counsel was appointed for her, the mother filed notice of appeal from the order terminating her parental rights. The father did not appeal.
We begin by recognizing that a parent has a prima facie right to custody of his or her natural child; however, this right may be overcome where such custody is shown to be contrary to the child’s best interests and welfare. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985). In order to terminate parental rights, the court must first find from clear and convincing evidence that the child is dependent. If such dependency is found, the court must then determine if measures less drastic than termination of parental rights exist. Matter of Burnett, 469 So.2d 627 (Ala.Civ.App.1985). The determination of these matters is left to the sound discretion of the trial court, and its decision will not be set aside unless it is so contrary to the evidence as to be plainly and palpably wrong. Fortenberry v. Alabama Dep’t of Pensions & Security, 479 So.2d 54 (Ala.Civ.App.1985).
Here, the mother contends that the evidence does not support the trial court’s finding of the child’s dependency. She cites § 26-18-7, Code 1975, which sets out the elements that a court may consider when determining whether to terminate parental rights. The court may consider whether the child has been subject to physical abuse, cruelty, or neglect and whether the child is in continued danger of such abuse. The court may also consider the ability of the párente to comply with DHR’s reasonable efforts to provide parental counseling and training. When the child is not in the physical custody of the parent in question, the court may properly consider the parent’s failure to provide for the child’s material needs.
In this case, the child was initially reported to DHR as a victim of severe physical abuse. DHR case workers testified at trial that the child had numerous bruises and cute, as well as cigarette bums, at the time she was picked up by DHR. There was also evidence that the child had several prominent scars. At trial, the mother repeatedly denied that she or her live-in boyfriend abused the child, and denied that the child even had these injuries. According to *300 further testimony from DHR, the mother first denied having inflicted the injuries but later admitted to them that she and her boyfriend sometimes hit the child. Moreover, the record shows that the mother has previously been arrested for abuse of another child in her custody.
Case workers testified that the child became extremely upset and violent before and after each visit with her mother. The record contains evidence concerning the mother’s inability to maintain adequate housing and basic necessities for the child. The mother did not provide continued support for the child while she was in the custody of the aunt and uncle.
After reviewing the foregoing, as well as other facts in the record, we cannot say that the trial court’s decision was not substantially supported by the evidence. Accordingly, we must next determine whether the trial court properly considered and rejected less drastic measures before terminating the mother’s parental rights.
In its order, the trial court specifically found that the mother has never established any form of parental relationship with the child. It is undisputed that the mother has failed to comply with previous efforts by DHR to provide her with parental training classes and has exhibited a pattern of neglect, abuse, and unconcern toward the child that has not diminished over time. We find therefore that the trial court properly rejected the option of continued custody with the mother. No other reasonable option was presented. The judgment of termination of parental rights is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.