THIGPEN, Judge.
This is a termination of parental rights ease.
In March 1994, S.M.W. (mother) filed a petition to terminate the parental rights of J.M.C., the father of J.C., II. The mother alleged that she and the father had separated approximately six weeks after the child’s birth in July 1990, that they had divorced in September 1992, that she had been granted custody of- the child, that the father had had only sporadic and infrequent contact with the child, that the father had failed to pay any support, that the father had been convicted of a felony and had been incarcerated since the time of their separation, that the father was unwilling or unable to provide for the child physically, financially, or mentally, and that it would be in the child’s best interest for the father’s parental rights to be terminated. The father denied the allegations. A guardian ad litem was appointed to represent the child. Following ore tenus proceedings in June 1995, the trial court denied the mother’s petition; her post-judgment motion was denied, and she appeals.
In its order, the trial court stated, in pertinent part:
“1. The Court finds that the evidence in this case was not sufficiently clear and convincing to support the extreme result of terminating the father’s parental rights. Although the mother (petitioner) presented evidence that the father had failed to visit or support the child and was incarcerated, the father’s evidence included testimony that the mother took steps to prevent contact between the father and child, including having an unpublished telephone number for two years, and failed to give the child letters from the father and gifts from the father’s family. There was also testi *258 mony that the father is only 22 years old and may be released from jail in less than four years. Based on all the evidence at this ore tenus hearing and upon observation of the demeanor of all of the witnesses, this Court is not convinced that there should be a termination of parental rights. The Court is of the opinion that due to the father’s young age and his interest in vigorously contesting the termination of his parental rights, it would be in the best interests of the child that the father be given an opportunity to pursue the relationship with his son in the future.”
The termination of parental rights is an extreme matter and is not to be considered lightly. Ex parte Beasley, 564 So.2d 950 (Ala.1990). “Inasmuch as the termination of parental rights strikes at the very heart of the family unit, a court should terminate parental rights only in the most egregious of circumstances.” Beasley, 564 So.2d at 952.
When a custodial parent brings an action to terminate the parental rights of a noncustodial parent, the trial court must first find that grounds for termination exist. Beasley, 564 So.2d 950. Next, “the court must inquire as to whether all viable alternatives to a termination of parental rights have been considered.” Beasley, 564 So.2d at 954. Statutory grounds for termination are set out in Ala.Code 1975, § 26-18-7. The trial court may terminate the parental rights of a parent if it finds from clear and convincing evidence “that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future.” Ala.Code 1975, § 26-18-7(a). Further, it is the duty of the trial court to “determine whether the petitioner has met the statutory burden of proof and whether that termination is in the child’s best interest, in light of the surrounding circumstances.” Beasley, 564 So.2d at 954. Additionally, a trial court’s decision in proceedings to terminate parental rights is presumed correct when it was based on ore tenus evidence, and its decision will not be set aside unless it is unsupported by the evidence and is, therefore, plainly and palpably wrong. B.R.M. v. State Dep’t of Human Resources, 626 So.2d 646 (Ala.Civ.App.1993).
The mother contends that the evidence presented regarding the father’s failure to provide support for the child, his alleged past histoiy of drug and alcohol abuse, and his criminal record provided the trial court with clear and convincing evidence that his parental rights should be terminated. She further argues that terminating the father’s parental rights is in the child’s best interest. The mother testified that she and the child began living with her parents approximately one month after the child was bom, that she saw the father only about twice per week during that time, and that he failed to provide any support for the child. She also testified that she filed for a divorce after the father was arrested and incarcerated, and that she had remarried in November 1992. The mother admitted that she did not want the father to see the child, that she had had an unpublished telephone number for two years, and that she had failed to give the child letters and cards from the father; however, she also denied that she kept the child from the father.
The father’s mother testified that she had had very little contact with the child since the parties separated, and that she felt that the father had matured since the child’s birth. The father’s stepmother testified that, in her opinion, the mother kept the child away from the father and the father’s family. The guardian ad litem recommended that the father’s parental rights be terminated, citing the father’s past history of drug abuse and his record of criminal activity. The guardian ad litem also stated that, in his opinion, there were no alternatives to the termination of the father’s parental rights.
After thoroughly reviewing the record, including the conflicting ore tenus testimony, we cannot hold that the trial court erred by refusing to terminate the father’s parental rights. To so hold would be to substitute this court’s judgment for that of the trial court. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
*259 The father’s request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.