CRAWLEY, Judge.
In April 1995, S.P., the paternal uncle of J.C.P., a minor child, and S.P.P., his wife, filed a petition in the trial court alleging that the child is dependent and requesting that they be awarded custody. In May 1995, the trial court ordered that the Montgomery County Department of Human Resources (DHR) investigate the allegations of the dependency petition and evaluate the home of the uncle and aunt. In June 1995, following a hearing on the dependency petition, the trial court found the child to be dependent, awarded custody to the uncle and aunt, ordered the mother, T.P., to complete a drug rehabilitation program, and ordered the father, A.P., to pay day-care expenses.
In August 1995, the guardian ad litem filed a motion to show cause why the parents should not be held in contempt for failing to comply with the June 1995 order. After a hearing on the motion, the trial court found both parents to be in contempt of its June 1995 order. In January 1996, the guardian ad litem recommended that the court terminate the parental rights of both parents. Following proceedings at which the court heard ore tenus evidence, the trial court terminated the parental rights of both parents and awarded custody of the child to the uncle and aunt, who had indicated a desire to adopt the child. Both parents argue on appeal that the trial court erred in terminating their parental rights.
When the state seeks to terminate parental rights, the trial court must apply a two-pronged test to determine whether to terminate those parental rights: (1) the court must find, by clear and convincing evidence, that the child is dependent; and (2) the court must consider all viable alternatives to a termination of parental rights. Ex parte Beasley, 564 So.2d 950 (Ala.1990). This court will affirm the trial court’s judgment unless it determines that the trial court’s findings are so unsupported by the evidence as to be plainly and palpably wrong. Lee v. Jackson County Department of Pensions & Security, 470 So.2d 1294 (Ala.Civ.App.1985).
We first conclude that the trial court properly determined that the child was dependent. In 1993, DHR began investigating the mother’s care of her older child. That child was adjudged dependent, and the maternal grandmother was awarded custody. In September 1994, DHR became involved with the mother’s care of this child. The mother had a history of substance abuse problems, and while she was attempting to buy some “crack” cocaine, had been involved in a car accident in which the child was injured. After that accident, DHR placed the child in the home of the uncle and aunt. DHR, in cooperation with the parents and with the uncle and aunt, developed an individual service plan (ISP) for the family. The ISP recommended that the mother undergo drug treatment, become employed, and maintain regular visitation with the child. The mother failed to follow the ISP, in that she did not visit the child and did not undergo drug rehabilitation. The mother has also *626 been arrested on burglary and theft charges after the child was placed with the uncle and aunt.
The father has a similar history of personal instability and inability to care for the child’s needs. He has also been arrested several times and has admitted to using illegal drugs. The ISP recommended that the father attend parenting classes and that he maintain stable employment, and it required him to pay for the child’s day-care expenses. The father also failed to follow the ISP, in that he did not visit the child, did not obtain employment, and did not make court-ordered day-care payments. There was evidence that both parents intentionally did not attend the contempt hearing. The father was also arrested after the contempt hearing along with the mother on theft charges.
The parents argue that the trial court’s failure to state in its order that it considered all viable alternatives to termination of their parental rights is reversible error. However, the trial court is not required to make specific findings in a termination of parental rights case. Ex parte State Department of Human Resources, 624 So.2d 589 (Ala,1993). We conclude that the record supports a finding that there are no viable alternatives to the termination of both parents’ parental rights. As stated above, both parents have willfully refused to follow DHR’s plans and have not made steps towards making a suitable home for their child. Even after being held in contempt, the parents have been arrested for stealing property. This shows that the parents have not made attempts to rehabilitate themselves to regain custody of their child. Therefore, the judgment of the trial court ordering the termination of both parents’ parental rights is affirmed.
AFFIRMED.
ROBERTSON, P.J, and THIGPEN, YATES, and MONROE, JJ., concur.