CRAWLEY, Judge,
dissenting.
I must respectfully dissent. The mother argues that DHR failed to make reasonable efforts to rehabilitate her. I agree. Whether “reasonable efforts by [DHR] ... leading toward the rehabilitation of the parents have failed” is a factor to be considered by the trial court in making the decision to terminate parental rights. Ala. Code 1975, § 26-18-7(a)(6). See also Ezekiel v. State Dep’t of Human Resources, 562 So.2d 524, 525 (Ala.Civ.App.1990) (examining whether “reasonable efforts to rehabilitate the mother were exhausted prior to terminating her rights”). In addition, in cases like this one, where the child is no longer in the physical custody of the parents, the trial court must also consider the “[l]ack of effort by the parent to adjust his circumstances to meet the needs of the child in accordance with agreements reached ... with [DHR].” Ala.Code 1975, § 26-18-7(b)(4).
As the majority points out, the mother has an arrest record in Florida for, among other things, assault and robbery; she has apparently served time in a Florida prison. However, the mother has no history of arrest after 1988. The mother also admitted a past problem with alcohol. She testified, however, that she had been sober for six months and that she was attending AA meetings. She denied that she needed counseling for her addiction to alcohol, but stated that she would get counseling “if she had to” to get her children back. She testified that she had been through counseling in 1990 at a facility she called the “Tri-County” and that she had also sought counseling at the Peace River Center in Lakeland, Florida. Although she had not yet started counseling in Paxton, Florida, where she lived at the time of the hearing, she testified that she had been on the waiting list at a counseling center in nearby DeFuniak Springs and that she was about to start counseling sessions there on the Monday after the January 8, 1999, hearing. She also admitted that her present husband, from whom she is separated with the intent to divorce, has an alcohol problem; this is a fact she had denied at the dispositional hearing in September 1998.
The mother testified about her living arrangements and work history since the September 1998 hearing. She said that she had had a job with a landscaping company called Florida Scapes; that she had worked at that job for three or four months; and that she expected to be rehired by the owner once he had work again. She further explained that the job was seasonal. She stated that she had left the home she shared with her husband in Paxton, and had gone to live with her parents in south Florida. She testified that she worked for a restaurant in south Florida for a few weeks while she was there but that she left the job when she decided to move back to Paxton. She testified that her sister-in-law had let her move in with her family in Paxton temporarily. She further testified that she had a *962 job interview at Covington Sewing Factory in Florala, Alabama, scheduled for the Monday following the January 8, 1999, hearing. She stated that she intended to move to Alabama.
Elle Mancil, the children’s caseworker, was questioned about the effort the Department made to rehabilitate the mother. She testified as follows:
“Our attempts have been to work with [the mother] to encourage her, because of her history of the alleged substance abuse and the chronic nature of it along through the years, and everything that is listed in this home evaluation being so negative, we have said to her “What you need to do is either seek out treatment, get into a treatment program that is going to say that you no longer have a problem, or by some other means show that you are no longer having problems with alcohol and drugs.'’ But, basically, with her living in Florida, all we can do is advise and refer her to get the treatment on her own.... It’s hard to provide services to a parent when they don’t live in the same state.”
After a review of the record, I am not clearly convinced that termination of the mother’s parental rights to her children is warranted. I question the majority’s reliance on the mother’s criminal history; the mother has not been arrested since 1989. To satisfy the clear and convincing standard, the Department was required to present evidence of the mother’s present living conditions and her present ability to care for her children. See T.H. v. State Dep’t of Human Resources, 740 So.2d 1089 (Ala.Civ.App.1998); Hamilton v. State, 410 So.2d 64 (Ala.Civ.App.1982).
Although the mother’s situation is not yet ideal, her attempts to better her situation, including leaving an alcoholic husband, seeking alcohol counseling, and deciding to relocate to Alabama indicate her desire and commitment to making a better life for her and her children. The mother made these attempts without aid from the Department. The mother has shown improvement in the four months between the September 1998 hearing and the January 1999 hearing; she should not be penalized for falling short when she has had to seek out services on her own. Because the Department made little, if any, attempt to rehabilitate the mother, as required by Ala.Code 1975, § 26-18-7(a)(6), and because the mother has attempted to adjust her circumstances to meet the needs of her children, see Ala.Code 1975, § 26-18-7(b)(4), I would reverse the juvenile court’s judgment terminating the parental rights of the mother.