On Remand from the Supreme Court
The Cullman County Department of Human Resources ("DHR") filed a petition to terminate the parental rights of S.W.T. (the "mother") as to A.M.W. (the "child"). Following the presentation of ore tenus evidence, the trial court terminated the mother's parental rights. The mother appealed to this court; we dismissed the appeal as untimely. The supreme court reversed our order of dismissal and held that the mother's appeal was timely. Ex parte S.W.T.,782 So.2d 766 (Ala. 2000). The supreme court remanded the cause to this court, and we now address the merits of the mother's appeal.
The mother argues that the juvenile court erred by terminating her parental rights because, she argues: (1) clear and convincing evidence does not support a finding that the child is dependent; and (2) the trial court did not consider and reject viable alternatives to the termination, specifically, DHR did not provide rehabilitative services for her.
The termination of parental rights is a drastic measure, and the courts take such a measure only after grave consideration. *Page 769 Ex parte Beasley, 564 So.2d 950, 952 (Ala. 1990). A natural parent's prima facie right to the custody of his or her child is outweighed only by clear and convincing evidence that the termination of parental rights is in the best interests of the child. L.N. v.State Dep't of Human Resources, 619 So.2d 928, 929
(Ala.Civ.App. 1993). The juvenile court considers the parent's physical, financial, and mental abilities to care for the child to determine what action is in the child's best interests. J.L.B. v. StateDep't of Human Resources, 608 So.2d 1367, 1368 (Ala.Civ.App. 1992).
The grounds upon which a court may terminate parental rights, pursuant to Ala. Code 1975, § 26-18-7(a), are:
 "[T]he parents of [a] child are unable or unwilling to discharge their responsibilities to and for the child, or . . . the conduct or condition of the parents is such as to render them unable to properly care for the child and . . . such conduct or condition is unlikely to change in the foreseeable future . . . ."
The juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) it must first find by clear and convincing evidence that the child is dependent; and (2) it must properly consider and reject all viable alternatives to terminating parental rights. Beasley, at 954.
The DHR case worker assigned to the case testified that in May 1997 the Cullman County DHR became involved in the case after J.W. had contacted them with questions about having the child in her home without her having legal custody of the child. J.W. testified that while she was living in Mobile in February 1997 the mother "gave" the child to her. The child was approximately 18 months old. J.W. and the child moved to Cullman shortly afterward and she decided to contact DHR because she lacked legal custody. DHR first attempted to place the child in J.W.'s home but determined that J.W.'s home was not a safe place for the child. DHR obtained custody of the child in May 1997.
The mother had had no contact with the child until December 1997 when DHR filed its petition to terminate the mother's parental rights. Between May 1997 and December 1997, DHR attempted, without success, to contact the mother based on the information given it by J.W. Between December 1997 and October 1998, the date of the trial, the mother visited the child about three times. The mother testified that she did not have transportation and had to rely on friends to drive her to Cullman from Mobile.
The mother testified that after the termination petition was filed, she obtained a GED certificate, found a job with benefits at a sewing plant, and married a man who lived in a three-bedroom house and who had a steady job with benefits. DHR has never performed a home study of the mother's home or made any efforts to enable the mother to regain custody of the child. The mother argues that DHR's failure to make such efforts violates the requirements enunciated by the federal court in R.C. v. Hornsby, No. 88-D-1170-N (M.D.Ala. April 19, 1989) (not published in F. Supp.), and also violates § 26-18-7. DHR contends that it was not required to provide any services or to perform a home study in this case because, it argues, the mother had abandoned the child.
We agree with DHR. Ala. Code 1975, § 12-15-65(m)(1), provides that DHR shall make "reasonable efforts" to reunify a family unless a court has determined that the parents have "[s]ubjected the child to an aggravated circumstance, including, but not limited to,abandonment, torture, chronic abuse, substance abuse, or sexual abuse." (Emphasis added.) The juvenile court in this case determined that the mother had abandoned the child. Ala. Code 1975, § 26-18-3(1), defines abandonment *Page 770 
as "[a] voluntary and intentional relinquishment of the custody of a child by a parent, or a withholding from the child, without cause or excuse, by the parent, of his presence, care, love, protection, maintenance, or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent." As noted above, the mother "gave" the child to J.W. in February 1997 and did not visit with the child until December 1997, and after that only a few more times. The child was about 18 months old when the mother "gave" him to J.W. and was over two years old when the mother next saw him. We conclude that the trial court properly found that the mother had abandoned the child, and, therefore, properly concluded, pursuant to § 12-15-65(m)(1), that DHR was not required to make any efforts to reunify the mother and the child.
The trial court's judgment terminating the mother's parental rights is affirmed.
AFFIRMED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.