829 So.2d 173 (2002)
W.L.H.
v.
B.L.M.
2001234.
Court of Civil Appeals of Alabama.
March 8, 2002.
Timothy C. Burgess of Burnham, Klinefelter & Burgess, P.C., Anniston, for appellant.
Charles G. Spradling, Jr., of Alabama Legal Services, P.C., Anniston, for appellee.
PITTMAN, Judge.
B.L.M. ("the stepmother") filed a petition in the Calhoun County Probate Court to adopt J.E.M. ("the child"). W.L.H. ("the mother") answered and contested the adoption. Because the mother contested the adoption, the probate court transferred *174 the case to the Calhoun Juvenile Court ("the trial court") to determine whether to terminate the mother's parental rights. See § 26-10A-3, Ala.Code 1975. Following a bench trial, the trial court terminated the mother's parental rights and granted the stepmother's petition to adopt the child. The mother appeals.
The mother argues on appeal that the trial court erred by terminating her parental rights. Section 26-18-7(a), Ala.Code 1975, requires the trial court to find "clear and convincing evidence ... that the [mother is] unable or unwilling to discharge [her] responsibilities to and for the child." See also Ex parte Beasley, 564 So.2d 950 (Ala.1990), and L.N. v. State Dep't of Human Res., 619 So.2d 928 (Ala. Civ.App.1993)(both requiring clear and convincing evidence that a child is dependent to support a termination of parental rights).
Section 26-18-7(a)(1) provides that one ground for terminating parental rights is abandonment of the child by the parent. The trial court based its judgment terminating the mother's parental rights on its finding that the mother had abandoned the child.
Section 26-18-3(1) defines "abandonment" as:
"A voluntary and intentional relinquishment of the custody of a child by a parent, or a withholding from the child, without good cause or excuse, by the parent, of [her] presence, care, love, protection, maintenance or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent."
We conclude that clear and convincing evidence supports the trial court's finding that the mother abandoned the child.
The child was born in 1996. The mother and the child's father have never married. In 1998, the mother and the father entered into a joint custody agreement that provided that the father would have physical custody for one month and the mother would have physical custody the following month. The mother never exercised her joint-custody rights pursuant to this agreement. The mother married another man in April 1999. She left her husband and moved to Kentucky in June 1999, where she moved in with another man. The record does not indicate whether the mother and the man she married in April 1999 have divorced.
The mother returned to Alabama later in 1999 and she agreed to modify the custody agreement to give the father sole custody of the child. The day after the mother signed the new custody agreement, she went to jail for more than five months for forged checks. The mother did not contact the child while she was in jail, and she did not exercise her visitation rights pursuant to the custody agreement after she was released from jail. The custody agreement also provided that the mother would pay child support, but she has never paid any child support. The mother currently lives in Oregon; she did not appear for the trial because of job training, which required her to go to Canada. The mother has not visited the child since the day before she went to jail. Clear and convincing evidence supports the trial court's finding that the mother abandoned the child.
The mother next argues that the trial court erred by not finding and rejecting any viable alternatives to terminating her parental rights as required by Ex parte Beasley, 564 So.2d 950 (Ala.1990). Section 12-15-65(m)(1), Ala.Code 1975, provides that "reasonable efforts" to reunify a parent and child are not required *175 where a parent has "[s]ubjected the child to an aggravated circumstance, including, but not limited to, abandonment...."
This court interpreted § 12-15-65(m)(1) in S.W.T. v. Cullman County Department of Human Resources, 782 So.2d 767 (Ala. Civ.App.2000). S.W.T. (the mother) "gave" her 18-month-old child to a friend and did not have contact with the child for 10 months. The juvenile court terminated the mother's parental rights based primarily on its finding that the mother had abandoned the child. The mother argued on appeal that the juvenile court erred by terminating her parental rights because, she said, the Department of Human Resources ("DHR") had not made any effort to reunify her with her child. Following the filing of the petition to terminate the mother's parental rights, the mother obtained a GED certificate, obtained steady employment, and obtained suitable housing. The mother argued that DHR should have conducted a home study of her new home and should have developed a reunification plan. This court held that DHR was not required to make any "reasonable efforts" to reunify the mother with her child because the juvenile court properly found that the mother had abandoned the child before the filing of the termination petition and that the application of § 12-15-65(m)(1) eliminates the requirement for DHR to make "reasonable efforts" toward unification. 772 So.2d at 770.
One of the "reasonable efforts" that is made before parental rights are terminated is to determine whether a viable alternativesomeone who can have custody of the child while the parent makes progress toward regaining custody of the child exists. We conclude that finding and rejecting viable alternatives to a termination of parental rights as required by Ex parte Beasley, supra, is not required in a case such as this because § 12-15-65(m)(1) does not require "reasonable efforts" toward unification in a case where the parent has abandoned the child.
As stated above, clear and convincing evidence supports a finding that the mother abandoned the child; therefore, the trial court was not required to consider viable alternatives to a termination of the mother's parental rights. The judgment of the juvenile court terminating the mother's parental rights is affirmed.
AFFIRMED.
THOMPSON, J., concurs.
YATES, P.J., and CRAWLEY and MURDOCK, JJ., concur in the result.
MURDOCK, Judge, concurring in the result.
The main opinion asserts that consideration of the "viable-alternatives" prong of Ex parte Beasley, 564 So.2d 950 (Ala.1990), "is not required in a case such as this" because, it says, Ala.Code 1975, § 12-15-65(m)(1) does not require "reasonable efforts" to preserve or reunify the family unit where a parent abandons a child.
I am not convinced that the "viable-alternatives" prong identified in Beasley may be read so narrowly. In some cases, there may be "viable alternatives" to termination other than family reunification. For example, in S.M.W. v. J.M.C., 679 So.2d 256 (Ala.Civ.App.1996), we affirmed the denial of termination of a father's parental rights where the father had had only sporadic contact with the approximately five-year-old child because of the father's incarceration for a felony; we noted that while the trial court in that case had determined that grounds for termination existed, it had also concluded that "`it would be in the best interests of the child that the father be given an opportunity to pursue the relationship with his son *176 in the future.'" 679 So.2d at 258. To like effect is D.C. v. J.C., [Ms. 2000946, Feb. 8, 2002] ___ So.2d ___ (Ala.Civ.App.2002), in which Judge Pittman opined that a viable alternative to terminating the parental rights of a mother and a father on the petition of the child's paternal grandparents would be "to maintain the present situationmaintain custody with the grandparents and maintain ... supervised visitation." ___ So.2d at ___.
While I agree that the trial court's judgment terminating the parental rights of the mother in this case is supported by the evidence and is due to be affirmed (see A.R.E. v. E.S.W., 702 So.2d 138 (Ala.Civ. App.1997)), I do not believe that in doing so this court should blur the distinction between the concepts of "viable alternatives" to termination and "reasonable efforts" to return a child to a parent's custodial control. I therefore concur in the result.
YATES, P.J., and CRAWLEY, J., concur.