MURDOCK, Judge,
concurring in the result.
The main opinion asserts that consideration of the “viable-alternatives” prong of Ex parte Beasley, 564 So.2d 950 (Ala.1990), “is not required in a case such as this” because, it says, Ala.Code 1975, § 12-15-65(m)(l) does not require “reasonable efforts” to preserve or reunify the family unit where a parent abandons a child.
I am not convinced that the “viable-alternatives” prong identified in Beasley may be read so narrowly. In some cases, there may be “viable alternatives” to termination other than family reunification. For example, in S.M.W. v. J.M.C., 679 So.2d 256 (Ala.Civ.App.1996), we affirmed the denial of termination of a father’s parental rights where the father had had only sporadic contact with the approximately five-year-old child because of the father’s incarceration for a felony; we noted that while the trial court in that case had determined that grounds for termination existed, it had also concluded that “ ‘it would be in the best interests of the child that the father be given an opportunity to pursue the relationship with his son *176 in the future.’ ” 679 So.2d at 258. To like effect is D.C. v. J.C., [Ms. 2000946, Feb. 8, 2002] — So.2d-(Ala.Civ.App.2002), in which Judge Pittman opined that a viable alternative to terminating the parental rights of a mother and a father on the petition of the child’s paternal grandparents would be “to maintain the present situation — maintain custody with the grandparents and maintain ... supervised visitation.” —• So.2d at-.
While I agree that the trial court’s judgment terminating the parental rights of the mother in this case is supported by the evidence and is due to be affirmed (see A.R.E. v. E.S.W., 702 So.2d 138 (Ala.Civ.App.1997)), I do not believe that in doing so this court should blur the distinction between the concepts of “viable alternatives” to termination and “reasonable efforts” to return a child to a parent’s custodial control. I therefore concur in the result.
YATES, P.J., and CRAWLEY, J., concur.