845 So.2d 825 (2002)
S.A.B.
v.
MOBILE COUNTY DEPARTMENT OF HUMAN RESOURCES.
2001149.
Court of Civil Appeals of Alabama.
June 28, 2002.
Opinion on Return to Remand September 13, 2002.
*826 Patricia W. Hall, Mobile, for appellant.
J. Coleman Campbell, Lynn S. Merrill, and D. John Harrison, asst. attys. gen., Department of Human Resources, for appellee.

On Application for Rehearing
CRAWLEY, Judge.
The opinion of this court issued on April 5, 2002, is withdrawn, and the following is substituted therefor.
In July 2001, the juvenile court terminated the parental rights of S.R., the mother, and S.A.B., the alleged father, to their four-year-old daughter, D.B. The alleged father appeals. We remand for additional findings by the juvenile court.
*827 In April 2000, the Mobile County Department of Human Resources ("DHR") was given custody of two-year-old D.B. following a suicide attempt by the mother. DHR's first contact with S.A.B., the alleged father, was one month later, when social workers visited S.A.B. on May 9 and inquired whether he would submit to a blood test to determine paternity of the child. S.A.B. replied that he had been planning to take a paternity test, but that he had not had the time.
DHR's next contact with S.A.B. was on September 8, 2000. On that occasion, S.A.B. accompanied S.R., the mother, to the DHR office. When a DHR caseworker asked whether S.A.B. had taken a paternity test yet, S.A.B. replied that he did not need to take a test because he knew he was the child's father. DHR did not hear from S.A.B. again. S.A.B. did not request further visitation with D.B. or pay anything toward D.B.'s support. DHR made no further effort to get in touch with S.A.B. Then, six months later, on March 7, 2001, DHR moved to terminate the parental rights of both the mother[1] and S.A.B.
The juvenile court appointed counsel for S.A.B. Two weeks before the date set for a hearing on the petition to terminate parental rights, counsel moved for a blood test to determine paternity. When S.A.B. failed to appear at the hearing, his counsel moved for a continuance. The juvenile court denied the motion for a blood test and the motion for a continuance.
After finding D.B. dependent, the court's judgment states, in pertinent part:
"[3]a. The natural parents are not able, or in a position, to properly provide for the children's well-being, maintenance, and support.
"b. The children are without proper parents able to provide for their support, training and education.
"c. The natural and legal parents of the children are unable or unwilling to discharge their responsibilities to and for said children; and
"d. The alleged father of [D.B.], [S.A.B.], although expressing his desire and wishes to take custody of and exercise parental duties for said child, has not presented credible evidence of his ability to do so and, by his failure to appear in Court and otherwise take the necessary steps to establish paternity or take a role in parenting, did demonstrate to this Court that he is unable to discharge responsibilities to and for the child as a parent.
"4. The Court did further find from the evidence that the conduct or condition of the parents is such as to render them unable to properly care for the children, and that such conduct or condition is unlikely to change in the foreseeable future.
". . . .
"6. The Court further finds from clear and convincing evidence, competent, material, and relevant in nature, that the parents have failed to make a reasonable effort to adjust their circumstances to meet the needs of the children or to maintain the family unit intact; and that the Department of Human Resources has exercised all reasonable efforts to prevent removal, to promote reunification, and to prevent and avoid termination of parental rights."

(Emphasis added.)
The emphasized portion of the judgment tracks § 26-18-7(a)(6), Ala.Code 1975, *828 which requires the juvenile court to consider whether reasonable efforts by DHR leading toward the rehabilitation of the parents have failed. See Ezekiel v. State Dep't of Human Res., 562 So.2d 524, 525 (Ala.Civ.App.1990). At the hearing, the DHR caseworker testified that, other than the two contacts with S.A.B. in May and September 2000, she had had no other communication with S.A.B. She acknowledged that DHR had offered S.A.B. no services after his admission of paternity. In light of DHR's acknowledgment that it had offered S.A.B. no services and had made no efforts "to prevent removal, to promote reunification, and to ... avoid [the] termination of parental rights" of S.A.B., the juvenile court's contrary finding is unsupported by the evidence. Compare D.S.S. v. Clay County Dep't of Human Res., 755 So.2d 584 (Ala.Civ.App. 1999) (holding that, in the absence of any proof tending to show that DHR attempted to rehabilitate the father, the juvenile court's judgment tracking the language of § 26-18-7(a)(6) was unsupported by the evidence).
DHR argues, however, that pursuant to §§ 26-18-7(a)(1) and 26-18-7(c), Ala.Code 1975, it was not required to prove that it made "reasonable efforts ... leading toward the rehabilitation of [S.A.B.]" because, it claims, S.A.B. had abandoned the child. Section 26-18-7(a)(1) provides, in pertinent part:
"In determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child, the court shall consider, and in cases of voluntary relinquishment of parental rights may consider, but not be limited to, the following:
"(1) That the parents have abandoned the child, provided that in such cases, proof shall not be required of reasonable efforts to prevent removal or reunite the child with the parents."
Section 26-18-7(c) provides:
"In any cases where the parents have abandoned a child and such abandonment continues for a period of four months next preceding the filing of the petition, such facts shall constitute a rebuttable presumption that the parents are unable or unwilling to act as parents."
Sections 26-18-7(a)(1) and 26-18-7(c) state an exception to the reasonable-efforts requirement DHR must meet in termination cases. According to those subsections, if the parent has abandoned his or her child, DHR is relieved of the requirement of establishing that it made reasonable efforts to rehabilitate a parent. Section 26-18-3(1) defines "abandonment" as follows:
"ABANDONMENT. A voluntary and intentional relinquishment of the custody of a child by a parent, or a withholding from the child, without good cause or excuse, by the parent, of his presence, care, love, protection, maintenance or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent."
In the present case, the evidence might support a finding that S.A.B. had abandoned his child. S.A.B. neither supported nor requested visitation with D.B. during the six-month period between September 8, 2000, and March 7, 2001. However, the trial court apparently did not rely on the abandonment exception to the reasonable-efforts requirement because its judgment recites satisfaction of the reasonable-efforts requirement. DHR contends that we must affirm the juvenile court's judgment because (1) according to Ex parte State Department of Human Resources, 624 So.2d 589, 593 (Ala.1993), a juvenile court is not required to make specific written findings in a termination-of-parental-rights *829 case, (2) this court must presume that the juvenile court made those findings necessary to uphold its judgment, and (3) the evidence would support a finding of abandonment.
In the absence of the recitation in the juvenile court's judgment that the reasonable-efforts requirement had been satisfied in this case, we could affirm the judgment. However, because the court specifically determined that DHR had "exercised all reasonable efforts to prevent removal, to promote reunification, and to prevent and avoid termination of parental rights" we are left in doubt as to the import of the juvenile court's order. As it now reads, the order could be construed in either of two ways: (1) that S.A.B. had not abandoned the child but that DHR had made the required effort to rehabilitate him, or (2) that the trial court had simply overlooked the abandonment exception to the reasonable-efforts requirement. We, therefore, remand this cause to the juvenile court with instructions to make a specific finding as to whether S.A.B. abandoned the child. If the court determines that an abandonment occurred, it need not determine whether DHR engaged in any rehabilitative efforts. See §§ 26-18-7(a)(1) and 26-18-7(c). If, on the other hand, the court determines that S.A.B. did not abandon the child, then the court must make a further determination regarding DHR's efforts to rehabilitate S.A.B. The juvenile court shall make a return to remand within 28 days of the release of this opinion.
APPLICATION GRANTED; OPINION OF APRIL 5, 2002, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS.
YATES, P.J., and PITTMAN, J., concur.
THOMPSON and MURDOCK, JJ., concur in the result.
MURDOCK, Judge, concurring in the result.
The majority opinion correctly notes that § 26-18-7(c), Ala.Code.1975, provides a rebuttable presumption that parents are unable or unwilling to act as such if they have abandoned their child continuously for a period of four months next preceding the filing of a petition to terminate their parental rights. However, the abandonment exception in § 26-18-7(a)(1) to the reasonable-efforts requirement that DHR normally must meet in termination cases is not limited to abandonments that occur within this four-month period.
While the majority opinion correctly remands for consideration of whether there has been an abandonment in this case, in doing so, it takes particular note of the fact that S.A.B. neither supported nor requested visitation with D.B. during the six-month period between September 8, 2000, and the date of the filing of the petition in this case, March 7, 2001. I write separately to note that, based on the record before us, I see no reason for the trial court's consideration of the issue of abandonment to be limited on remand to the period after September 8, 2000.
THOMPSON, J., concurs.

On Return to Remand
CRAWLEY, Judge.
Pursuant to this court's opinion of June 28, 2002, remanding this case, the juvenile court on remand found that S.A.B. had abandoned the child by failing to visit or contact the child and by failing to appear in courteither at the termination hearing or at the hearing on remand. The court concluded, therefore, that DHR had no obligation to offer services to S.A.B. in an effort to promote his unification with the child or to prevent the termination of his parental rights. The court further *830 found that there were no viable alternatives to termination of parental rights. The findings are supported by the record, and the order on remand complies with § 26-18-7, Ala.Code 1975. The judgment of the juvenile court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
NOTES
[1] DHR also moved to terminate the mother's parental rights as to two other children; S.A.B. does not allege that he is the father of those children. Because the facts as to those children are not relevant to this appeal, we omit them here.