1 So.3d 1001 (2006)
J.E.
v.
V.C.E.
2050678.
Court of Civil Appeals of Alabama.
December 15, 2006.
Rehearing Denied March 2, 2007.
Rodney L. Ward, Gadsden, for appellant.
John D. McCord of McCord & Martin, Gadsden, for appellee.
BRYAN, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(A), Ala. R.App. P.; § 26-18-7, Ala.Code 1975; § 26-18-3(1), Ala.Code 1975; Ex parte J.W.B., 933 So.2d 1081, 1087-92 (Ala.2005); Ex parte G.C., Jr., 924 So.2d 651, 656-59 (Ala.2005); Ex parte R.E.C., 899 So.2d 272, 279 (Ala.2004); Ex parte Beasley, 564 So.2d 950, 954 (Ala.1990); Q.F. v. Madison County Dep't of Human Res., 891 So.2d 330, 335 (Ala.Civ.App.2004); S.A.B. v. Mobile County Dep't of Human Res., 845 So.2d 825, 828 (Ala.Civ.App.2002); R.K. v. R.J., 843 So.2d 774, 783-84 (Ala.Civ.App. 2002); S.W.T. v. Cullman County Dep't of Human Res., 782 So.2d 767, 770 (Ala.Civ. App.2000); T.P. v. S.P., 681 So.2d 624, 626 (Ala.Civ.App. 1996); and Matter of T.M.A., 590 So.2d 298, 299 (Ala.Civ.App.1991).
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
CRAWLEY, P.J., dissents, with writing.
CRAWLEY, Presiding Judge, dissenting.
This is a parental-rights-termination case in which the mother sought to terminate the father's parental rights. When one parent seeks to terminate the parental rights of the other parent, the court need not find that the child is dependent. Ex parte Beasley, 564 So.2d 950 (Ala.1990). The court, however, is still governed by the two-pronged test outlined in Beasley: the court must find, first, that there are grounds for termination, and, second, that all viable alternatives to termination have been considered and rejected. Id.
I dissent because I do not believe that the mother proved grounds to terminate the father's parental rights. Although the father failed to regularly support the child and offered reasons for the existence of his child-support arrearage that may have suggested some degree of financial irresponsibility, there are less drastic measures to effectuate the payment of child support than terminating parental rights.
The father offered a number of reasons for his failure to visit or maintain contact with the childmost of which centered around visitation disputes with the mother, the imposition of a protection-from-abuse order against him, and the existence of a court-ordered suspension of his visitation rights. Although the trial court may have been authorized to disbelieve all of the *1002 father's reasons for failing to maintain contact with the child, the trial court was not authorized to conclude that the father had "voluntarily relinquished his parental rights" by failing to seek a reinstatement of his visitation rights.
"`Relinquishment' is defined as `[a] forsaking, abandoning, renouncing or giving over a right.' Black's Law Dictionary 1161 (5th ed.1979)(emphasis added). Voluntary relinquishment is thus essentially synonymous with the concept of `waiver,' which has been defined as the `voluntary and intentional surrender or relinquishment of a known right.' Dominex, Inc. v. Key, 456 So.2d 1047, 1058 (Ala.1984) (emphasis added). By definition, therefore, a party `cannot waive a right of which he is unaware,' Webb v. State, 539 So.2d 343, 353 (Ala. Crim.App.1987), and, a fortiori, cannot waive or relinquish a right that does not exist."
Ex parte D.J., 645 So.2d 303, 306-07 (Ala. 1994). The evidence indicates that the father attempted to see his child when he thought visitation was allowed by law. Moreover, at trial, the father testified that he had suggested to the mother that visitation could be mediated by the paternal grandmother, a Gadsden minister and a "pillar of the community," but that the mother had arbitrarily refused.
"`Considering the fact that parental rights should only be terminated in the most egregious of circumstances, it is difficult to find that the [f]ather's neglect under these circumstances would be sufficient to sound the death knell on his parental rights. Ex parte Beasley, 564 So.2d at 952.'" K.H.M. v. D.L.I., 895 So.2d 950, 953 (Ala.Civ.App.2003)(quoting juvenile court's order).